IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEITH J. MITAN, Plaintiff, vs. BRCSLC, INC, A Utah Corporation, Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT Case No. 2:09-CV-363 TS |

This matter is before the Court on Plaintiff's Motion for a Default Judgment. For the reasons discussed below, the Court will deny the Motion.

It is undisputed that Plaintiff has never met or had any oral or written communication with Defendant. The underlying action is one for defamation and the statement at issue was an article written by an individual, who is not the Defendant, posted on Defendant's intranet site for its agents, and included a disclaimer asserting the information provided "is not a representation of BRCSLC Inc. or it's affiliates."[1]

Plaintiff requests the Court enter a default judgment against Defendant based on "evasive

---

[1] Response to Motion for Default Judgment, Docket No. 54 at 2.

1

and incomplete answers to the Plaintiff's interrogatories and improper responses to the Plaintiff's request for production of documents."[2] Plaintiff asserts that such a judgment is warranted pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).

Rule 37 deals with sanctions in relation to a party's failure to make disclosures or to cooperate in discovery. Section (b)(2)(A)(vi), relied on by Plaintiff, states that when a party, or its agent, fails to obey an order to provide or permit discovery the court in which the action is pending may issue further just orders including rendering a default judgment against the disobedient party.[3] Plaintiff also relies on section (a)(4): "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."[4] A default judgment is appropriate when a party has failed to plead or otherwise defend.[5] Construing the rules together, if a party has failed to plead or otherwise defend they have necessarily failed to comply with discovery. Defendant in this case has not failed to comply with discovery or failed to plead or defend itself, therefore, default is inappropriate.

On January 21, 2010, and January 25, 2010, respectively, Defendant filed its answers to Plaintiff's first set of interrogatories and response to Plaintiff's second notice to produce for inspection and copying.[6] On February 16, 2010, Magistrate Judge Alba held a hearing on

---

[2]Motion for Default, Docket No. 48 at 2.

[3]Fed. R. Civ. P. 37(b)(2)(A)(vi).

[4]Fed. R. Civ. P. 37(a)(4).

[5]Fed. R. Civ. P. 55.

[6]Docket Nos. 32 and 33.

Plaintiff's Motion to Compel, the Judge ordered Defendant to provide the requested documents by February 19, 2010, and for Plaintiff to appear in Salt Lake City for a deposition on March 25, 2010.[7] On February 16, 2010, the same day as the hearing, the Docket reflects a second certificate of service of Defendant's answers to interrogatories to Plaintiff. On February 19, 2010, Docket entry 37 reflects a certificate of service of Defendant's responses to Plaintiff's first notice to produce for inspection and copying. Additionally, due to Plaintiff's "vague and spurious" answers at his deposition, Defendant filed a motion to compel which was set to be heard before Magistrate Judge Alba on June 23, 2010, but was continued due to Plaintiff's required presence in a bankruptcy matter in another district.

The Court has reviewed the answers Plaintiff claims are evasive and finds that Defendant has not failed to make disclosures or cooperate in discovery in accordance with the rule. Rule 33 specifically allows a party to object to interrogatories if they state the grounds for their objections.[8] Defendant's "evasive" answers are objections based on duplicity, possession of Plaintiff, overly broad and ambiguous, and overly burdensome. Defendant, when able, provided responses to Plaintiff's interrogatories. Defendant has been engaged in this litigation and appears to have timely responded to all requests and requirements. Moreover, Defendant states that Plaintiff has also engaged in "evasive" behavior. The Court will not allow Plaintiff to punish Defendant for conduct in which he is also engaged.

---

[7] *See* Docket No. 36.

[8] FED. R. CIV. P. 33(b)(4).

Based on the above, it is hereby

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 48) is DENIED.

DATED   July 1, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge