IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEITH J. MITAN,<br><br>Plaintiff,<br><br>vs.<br><br>BRCSLC, INC., a Utah Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>Case No. 2:09-CV-363 TS |

I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Relief from Judgment Pursuant to FED.R.CIV.P. 60. In its response to the Motion, Defendant requests that the Court deny the Motion and Order that Plaintiff post a bond in the amount of Defendant's reasonable attorney fees in this action and award the fees to Defendant. As discussed below, the Court will deny the Rule 60 Motion and deny Defendant's request for fees.

This is a defamation case regarding an article published on Defendant's website warning of fraudulent activity by the Mitan family. The Court issued its Memorandum Decision and

Order on October 13, 2010.[1]  Judgment was entered on October 15, 2010.  Plaintiff then filed his Motion for Relief from Judgment.[2]  Defendant responded, but Plaintiff has not filed a reply memorandum.

Plaintiff argues for relief from judgment on three grounds.  First, he argues that the Court erred by ruling that Defendant's publication was conditionally privileged because Defendant did not raise an affirmative defense of conditional privilege in its answer.  Second, Plaintiff argues that the Court erred in its conclusion because the publication was published to too wide an audience to qualify for a conditional privilege.  Third, he argues that the Court was mislead as to the author of the defamatory statements.

## II.  RULE 60 DISCUSSION

FED.R.CIV.P. 60(b) enumerates grounds for relief from a final judgment, order, or proceeding.  While Plaintiff fails to specify which provisions of Rule 60 he relies on, the potentially applicable provisions of the rule are subsections (b)(1), allowing relief due to mistake, and (b)(6), allowing relief for "any other reason that justifies relief."  "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when 'a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) whe[n] the judge has made a substantive mistake of law or fact in the final judgment or order.'"[3]  "Relief under Rule 60(b)(6) is appropriate when circumstances are so

---

[1] Docket No. 61.

[2] Docket No. 63.

[3] *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).

'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief."[4]

A. CONDITIONAL PRIVILEGE AS AN AFFIRMATIVE DEFENSE

The Federal Rules of Civil Procedure require that affirmative defenses be raised in a party's responsive pleading.[5] However, issues related to essential elements of claims against a party are not affirmative defenses.[6]

Under Utah law, one element of a defamation claim is that the alleged defamatory statements must not be subject to a privilege.[7] Consequently, privilege is not an affirmative defense that was waived when Defendant did not specifically plead it in its Answer. The Court finds that because privilege is an element of Plaintiff's defamation claim, the Court did not make a substantive mistake of law in basing its ruling on the applicability of the conditional privilege.

---

[4]*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990)).

[5]FED.R.CIV.P. 8(c).

[6]*White v. Graceland Coll. Ctr. for Prof. Dev. & Lifelong Learning, Inc.*, 2008 WL 4148602, at *5 (D. Kan. Sept. 4, 2008); *Vulcan Materials Co. v. Atofina Chems. Inc.*, 355 F. Supp. 2d 1214, 1244 (D. Kan. 2005) ("[Defendant] has not waived the issue, which is not an independent affirmative defense, but evidence which could bear upon an element of [Plaintiff's] claims . . . ."); *Tripodi v. Microculture, Inc.*, 397 F. Supp 2d 1308, 1316 (D. Utah 2005) ("Whether the individual Defendant is Plaintiff's "employer" within the meaning of the FLSA is not an affirmative defense. It is an element of Plaintiff's FLSA claim against that individual Defendant."); *see also Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1374 (Utah 1996) ("A rule 8(c) affirmative defense . . . 'raises matter outside the plaintiff's prima facie case.'" (citing *General Ins. Co. of Am. v. Carnicero Dynasty Corp.*, 545 P.2d 502, 502 (Utah 1976))).

[7]*Deary v. Godbe*, 992 P.2d 979, 983 (Utah 1999).

B.   PUBLICATION ON THE INTERNET

Plaintiff argues that the Court made a mistake of law in finding that excessive publication did not occur in this matter.[8] Plaintiff claims that the statement was made to the general public, but provides no authority to support the claim that when a business posts statements on its website it is making the statement to the general public.[9]

Plaintiff's bald assertion is not supported by the law.  To the contrary, defamation case law recognizes that websites target specific audiences and rejects Plaintiff's assertion that simply posting something on the Internet ipso facto directs the posted material to the general public.[10] The Court finds that excessive publication did not occur in this instance because Defendant targets its website to current and potential investors—an audience with an interest in potential fraudsters.

---

[8]To support his quotation providing the law of excessive publication, Plaintiff cites 50 AM. JUR. 2D § 284.  Docket No. 64, at 4.  While the Court does not question that this is an accurate statement of law, the quoted language is not contained in any current volume of AMERICAN JURISPRUDENCE.

[9]Docket No. 64, at 4.

[10]See Knievel v. ESPN, 393 F.3d 1068, 1077 (9th Cir. 2005) (stating that the content of a web page is intended for youthful audiences and to be interpreted as if spoken to such an audience); Momah v. Bharti, 182 P.3d 455, 467 (Wash. App. 2008) (statement posted on website was aimed at audience of "those that visit his website"); Cf. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003) ("[T]he mere operation of a commercially active web site should not subject the operator to jurisdiction anywhere in the world.  Rather there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by (1) directly targeting its web site to the state . . . ."); Young v. New Haven Advocate, 315 F.3d 256, 262-63 (4th Cir. 2002) (to establish personal jurisdiction over a defendant based on an Internet posting the Internet activity must be "expressly targeted at or directed to the forum state").

4

C. AUTHORSHIP OF THE STATEMENTS

Plaintiff argues that "the Court has been misled regarding the author of the Defendant's defamatory statements."[11] As Defendant points out, to support his argument Plaintiff cites a portion of the Court's decision that addresses Defendant's source of information for the alleged defamatory statement. Plaintiff's citation does not support his claim. The Court was never under the impression that Pendarvis authored Defendant's statement. The Court finds that Rule 60 relief is not appropriate here because the Court was not mislead.

### III. ATTORNEY FEES

Defendant requests that the Court award reasonable attorney fees associated in defending this action and requests that the Court require Plaintiff to post a bond covering the fees. However, Defendant has not cited any authority granting the Court authority to do so. The Court therefore denies Defendant's request without prejudice.

### IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Relief from Judgment (Docket No. 63) is DENIED. It if further

ORDERED that Defendant's request for attorney fees is DENIED WITHOUT PREJUDICE.

---

[11] Docket No. 64, at 4.

DATED December 20, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge